**Federico ROSAS, Plaintiff–Appellant,**

v.

**D. DENNY; et al., Defendants–
Appellees.**

No. 15–15444.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2016.*

Filed April 19, 2016.

Federico Rosas, Susanville, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

MEMORANDUM ***

California state prisoner Federico Rosas appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging access-to-courts and due process claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Rosas's access-to-courts claim because Rosas did not allege facts sufficient to show that he suffered actual prejudice with respect to contemplated or existing litigation. *See Lewis v. Casey,* 518 U.S. 343, 348–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (requiring factual allegations showing actual injury in order to state an access-to-courts claim); *see also Hebbe v. Pliler,* 627 F.3d 338, 341–42 (9th Cir.2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Rosas's claim regarding the processing and handling of his prison grievances because prisoners do not have a "constitutional entitlement to a specific prison

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

grievance procedure." *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003).

We do not consider Rosas's Eighth Amendment claim because Rosas failed to replead it in his operative complaint. *See Lacey v. Maricopa County,* 693 F.3d 896, 928 (9th Cir.2012) (en banc) (claims dismissed with leave to amend are waived if not repled).

We do not consider issues which are not supported by argument. *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir.1993).

**AFFIRMED.**